1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANDY SHIELDS,

                           Plaintiff,

      v.

FRED MEYER STORES INC,

                      Defendant.

CASE NO. 2:23-cv-01455-TL

ORDER ON MOTION FOR
REVISION

     This matter is before the Court on Plaintiff's motion for revision of the Court's Order on
Fred Meyer's motion to dismiss the First Amended Complaint (Dkt. No. 21). Dkt. No. 32.
Having considered Defendant's response (Dkt. No. 33), Plaintiff's reply (Dkt. No. 34),
Defendant's notice of supplemental authority (Dkt. No. 37), and the relevant record, and finding
oral argument unnecessary, *see* LCR 7(b)(4), the Court GRANTS Plaintiff's motion.

## I.      BACKGROUND

     This action arises from Plaintiff Randy Shields's purchase of gasoline from Defendant
Fred Meyer Stores Inc. ("Fred Meyer") using a Direct Express Debit Mastercard (the "Direct

1    Express Debit Card"). *E.g.*, Dkt. No. 14 (amended complaint) ¶¶ 2.3, 2.9–2.10; *see also* Dkt.

2    No. 21 at 1–4. To briefly summarize, Plaintiff alleges that he prepaid for gasoline from

3    Defendant on numerous occasions using his Direct Express Debit Card, but was not refunded for

4    the value of any gasoline that he pre-purchased but did not pump. *See* Dkt. No. 21 at 1–4.

5         On August 9, 2023, Plaintiff filed the instant action, bringing claims on behalf of himself

6    and two putative classes for conversion, breach of contract, unjust enrichment, violations of the

7    Washington Consumer Protection Act (Chapter 19.86 RCW), and imposition of constructive

8    trust. *See* Dkt. No. 1 at 2; Dkt. No. 14 at 10–19. Defendant removed this action to federal court

9    on September 19, 2023.  Dkt. No. 1 at 2.

10        In January 2024, Defendant moved to dismiss Plaintiff's claims under Federal Rule of

11   Civil Procedure 12(b)(6). Dkt. No. 18. The Court denied Defendant's motion; however, as to

12   Plaintiff's claim under the Washington Consumer Protection Act ("WCPA" or "CPA"), it

13   determined that Plaintiff had failed to sufficiently allege unfair conduct and dismissed that theory

14   of Plaintiff's WCPA claim. *See* Dkt. No. 21 at 19–21.

15        Plaintiff now moves for revision of the Court's Order to the extent that it determined that

16   Plaintiff had failed to allege unfair conduct by Defendant pursuant to Federal Rule of Civil

17   Procedure 54(b). *See* Dkt. No. 32 at 1.

18                    **II.    DISCUSSION**

19        Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however

20   designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

21   the parties does not end the action as to any of the claims or parties and may be revised at any

22   time before the entry of a judgment adjudicating all the claims and all the parties' rights and

23   liabilities." Therefore, "[a]ll rulings of a trial court are 'subject to revision at any time before the

24   entry of judgment.'" *United States v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986) (quoting

previous version of Fed. R. Civ. P. 54(b) *abrogated on other grounds by Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988); *see also Peirce v. United States*, No. C05-440, 2007 WL 9775415, at *2 (W.D. Wash. Apr. 17, 2007); *Microsoft Corp. v. Fed. Ins. Co.*, No. C01-1815, 2003 WL 24330081, at *2 (W.D. Wash. Feb. 13, 2003). However, "[a court's] ability to revisit an earlier order under Rule 54(b) does not mean that it should or must do so." *Microsoft Corp.*, 2003 WL 24330081, at *2 (citing 10 James W. Moore et al., *Moore's Federal Practice and Procedure*, § 54.25(4) (3d ed. 1997)).

        As an initial matter, the Court acknowledges that Plaintiff failed to comply with the Court's Standing Order for All Civil Cases, which provides that motions must contain a certification that the parties have met and conferred. *See* Judge Tana Lin, Standing Order for All Civil Cases, Section II.D (Nov. 1, 2024). However, as Plaintiff has acknowledged the error and subsequently conferred with Defendant (*see* Dkt. No. 34 at 2), the Court will consider the substance of Plaintiff's motion.

        Plaintiff contends that the Washington Supreme Court's order in *Greenberg v. Amazon.com, Inc.*, 3 Wn.3d 434, 553 P.3d 626 (2024), *as amended* (Aug. 16, 2024), which was issued after the Court's Order (Dkt. No. 21), is an intervening change in the controlling law that warrants revision of the Court's Order. *See* Dkt. No. 32 at 1–2.

        The Court previously determined that under controlling Washington law, a "practice is unfair if it causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits." Dkt. No. 21 at 20 (quoting *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 787, 295 P.3d 1179 (2013)). Defendant

briefed its motion to dismiss utilizing substantial injury as the standard to define unfair acts.[1] *See*

Dkt. No. 18 at 22–23; Dkt. No. 20 at 13–14. In its ruling on Defendant's motion, this Court

agreed with that approach based on *Klem* and, therefore, analyzed the unfair conduct issue using

the substantial injury test to define unfair acts or practices. Dkt. No. 21 at 19–21.

The Washington Supreme Court has since recognized that "[i]n *Klem*, this court stated

that the substantial injury test in 15 U.S.C. § 45(n) *might* be the current standard to define unfair

acts or practices[,]" but that "the court declined to explore in detail how to define unfair acts for

the purposes of our CPA, insisting that the question must wait for another day." *Greenberg*, 3

Wn.3d at 459. The *Greenberg* court clarified that "in cases where a plaintiff alleges that an act or

practice is unfair, but that act or practice is not regulated by statute, the plaintiff needs to show

only that the defendant's conduct is in violation of the public interest," and went further "to

conclude the application of [the WCPA] is not dependent on the federal *S&H* criteria and that

there may even be additional ways that a plaintiff can show that act or practice that is

unregulated by statute is unfair." 3 Wn.3d at 459 (referring to the "*S&H*" criteria as explained in

*F.T.C. v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 n.5 (1972)[2]).

To be sure, *Greenberg* did not alter or preclude the "substantial injury" test, and in fact

continued on to apply that test. *See id.* at 460 ("The Plaintiffs State a Plausible Claim for Relief

---

[1] Having taken this approach, the Court find it disingenuous for Defendant to now assert that the Court rejected Plaintiff's arguments on the other *S&H* factors. Dkt. No. 33 at 10. Defendant did not address the other factors, instead affirmatively stating that "this is not practice that 'causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and is not outweighed by countervailing benefits,' as required to state a CPA claim." Dkt. No. 21 at 19 (quoting *Alpert v. Nationstar Mortg. LLC*, 2019 WL 1200541, *6 (W.D. Wash. 2019)). *Alpert* relies on *Klem*, *see* 2019 WL 1200541, at *6, as did this Court to focus on substantial injury only.

[2] The *S&H* criteria are "three factors govern[ing] unfairness determinations: '(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common-law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers (or competitors or other businessmen).'" *Greenberg*, 3 Wn.3d at 455 (quoting *F.T.C. v. Wyndham Worldwide Corp.*, 799 F.3d 236, 246 (3d Cir. 2015)).

1    under the Substantial Injury Test"); *see also* Dkt. No. 33 at 11 (arguing that *Greenberg* "did not

2    change the relevant law"). The supplemental authority submitted by Defendant also demonstrates

3    that the "substantial injury" test remains one way that plaintiffs can show that an act or practice

4    is unfair under the WCPA. *See RL Liquidators LLC v. Amazon.com Servs., LLC*, No. C24-2096,

5    2025 WL 2052611, at *6 (W.D. Wash. July 15, 2025). But as *Greenberg* now makes clear, that

6    test is not the *only* way plaintiffs can satisfy the unfairness prong under the WCPA.

7         The Court's prior determination that because the unfair practice as alleged by Plaintiff

8    was reasonably avoidable, Plaintiff had not sufficiently alleged unfair conduct under the

9    substantial injury test (Dkt. No. 21 at 20–21) does not appear to require revision under

10   *Greenberg*. However, as the Washington Supreme Court has now clarified, Plaintiff's failure to

11   allege unfair conduct under the substantial injury test is not fatal to the unfair conduct theory of

12   his claim; he may also succeed on an unfair conduct under the WCPA by, *inter alia*, showing

13   that Defendant's conduct was in violation of the public interest. *Greenberg*, 3 Wn.3d at 459.

14        Plaintiff has alleged that:

15            Fred Meyer knew that Mr. Shields and members of the putative
              classes were entitled to refunds for the differences between the
16            amounts for which they had prepaid for gasoline and the value of
              the gasoline that they had pumped when those amounts were
17            different, and Fred Meyer knew that refunds that Mr. Shields and
              members of the putative classes were entitled to receive for those
18            differences had sometimes not been made because it
              unsuccessfully attempted to refund those funds to Mr. Shields' and
19            members of the putative classes' debit accounts.

20            Even if Fred Meyer did not realize that the refunds of Mr. Shields'
              and members of the putative classes' money had been refused by
21            Direct Express when it originally attempted to make them, or that
              the refunds had not been attempted by Fred Meyer, Fred Meyer
22            knew it had wrongfully retained and was continuing to wrongfully
              retain Mr. Shields' and members of the putative classes' money no
23            later than the dates of the meeting between Mr. Shields and
              Mr. Lovall referred to in Paragraphs 2.10 and 2.11, which was
24            sometime between November 10, 2022, and January 6, 2023, when

> Mr. Lovall reviewed Mr. Shields' account statements and his
> gasoline purchase data on Fred Meyer's computer system.

Dkt. No. 14 ¶¶ 3.2–3.3. Plaintiff has also alleged that Defendant "knowingly retain[s] money it receives from its customers for gasoline prepayments or for double charges" and "made no effort to refund the money to the customers after either not attempting to refund the money in the first place, or after it was unsuccessful in the first effort to refund the money." *Id.* ¶ 6.4. With these allegations, Plaintiff has adequately alleged that Defendant's conduct violates the public interest and, therefore, is unfair under the WCPA for purposes of a motion to dismiss. *See DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (instructing courts to take all well-pleaded factual allegations as true and construe them in the light most favorable to the non-moving party on a motion to dismiss). Plaintiff will therefore be permitted to pursue his WCPA claim under a theory of unfair conduct.

### III.    CONCLUSION

Accordingly, Plaintiff's motion for revision of the Court's Order on Fred Meyer's motion to dismiss the First Amended Complaint is GRANTED.

Dated this 22nd day of August, 2025.

Tana Lin
United States District Judge